deposited with him as money, and hold the proceeds, instead of the checks.

3. ESCROWS, § 1*—*what unnecessary to prove in action by holder.* It is not necessary that an escrow holder, who is suing a bank upon certified checks deposited with such escrow holder as earnest money, in lieu of the actual cash, in the course of the making of a contract for the sale of real estate, aver and prove a consideration, as a prima facie case is made out by offering the checks in evidence and proving the signatures.

4. ESCROWS, § 12*—*who has burden of proving failure of consideration.* The burden lies upon the defendant, in an action by an escrow holder against a bank upon certified checks, to establish want or failure of consideration by competent evidence.

5. ESCROWS, § 1*—*when evidence shows consideration.* A consideration for the giving of checks deposited with plaintiffs as escrow holders and subsequently certified by defendant bank, *held* established by a contract for the sale of real estate, reciting that the purchaser had deposited with the escrow holder a certain sum as earnest money to be held for the mutual benefit of both parties concerned, and that, if the purchaser should fail to perform his agreement, such earnest money should be retained by the vendor as liquidated damages, in the absence of evidence tending to prove a subsequent failure of consideration.

---

## John T. Byrnes, Administrator, Appellee, v. Solomon Zemoan, Appellant.

### Gen. No. 20,510.     (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed and remanded. Opinion filed June 17, 1915.

### Statement of the Case.

Action by John T. Byrnes, as administrator of the estate of Daniel Byrnes, deceased, against Solomon Zemoan for attorney's fees alleged to have been

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

earned by the plaintiff's intestate. The defendant filed an affidavit of merits, stating that the services had been paid for during the lifetime of the deceased, and also that the deceased was indebted to the defendant for money loaned. On May 5, 1914, the case was called for trial in the absence of the defendant and a judgment rendered against him for the amount claimed. The next day the defendant moved to vacate the judgment and, in support of his motion, filed several affidavits, showing that defendant had a meritorious defense to the plaintiff's claim; and also stating, in substance, that before the opening of court on the day the judgment was rendered, the defendant and a man from the office of the defendant's attorney went to the court room and told the clerk of the court that defendant's attorney was actually engaged in the trial of a case in another court of record and would be so engaged all that day. The affidavits also showed that defendant's attorney was in fact so engaged all that day. The defendant asked the clerk whether it would be necessary for him to remain, to which the clerk replied in the negative, saying that the case would be passed if reached for trial on that day. The motion to vacate was denied and the defendant brings error.

Daniel S. Wentworth, C. A. Coolidge and David B. Maloney, for appellant.

John T. Byrnes, for appellee.

Mr. Presiding Justice Fitch delivered the opinion of the court.

### Abstract of the Decision.

Judgment, § 286*—*when vacated because of absence of defendant and his counsel.* Where, before the opening of court on the day set for the trial of a case in the Municipal Court of the city of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Chicago, the defendant informed the clerk that his attorney was actually engaged in the trial of a cause in a court of record and was told by the clerk that he need not remain as his case would be passed when called, but instead a judgment was rendered for the plaintiff in the absence of the defendant or his counsel, *held* that the judgment should have been vacated on the defendant's showing of the facts and filing an affidavit of merits.

————————

## S. J. Ostrowski, Plaintiff in Error, v. Annie Czarnik, Defendant in Error.

### Gen. No. 20,603.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. FRED C. HILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed June 17, 1915. Rehearing denied July 3, 1915.

### Statement of the Case.

Action by S. J. Ostrowski against Annie Czarnik to recover a commission for procuring a purchaser for real estate. Judgment was rendered for the defendant, and the plaintiff brings error.

The evidence showed that while the property in question was listed with the plaintiff, he was not the exclusive agent, but that other brokers were also endeavoring to effect a sale; that in February, 1914, the property was sold by the defendant to Mr. and Mrs. John Polcyn jointly. The defendant testified that the sale was made "from the outside," meaning through brokers other than the plaintiff; that in January, 1914, an employee of the plaintiff took Mrs. Polcyn to see defendant's property, but they did not at that time see the defendant; that the plaintiff then notified the defendant personally and by two letters, one in English and the other in Polish, that the property had been submitted to Mrs. Polcyn. One of the letters stated